**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
  E-Mail: Joseph.Lordan@lewisbrisbois.com
SUMY KIM, SB# 290082
  E-Mail: Sumy.Kim@lewisbrisbois.com
MELANIE D. MASSEY. SB # 289611
  E-Mail: Melanie.Massey@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant OAK HARBOR FREIGHT LINES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS SHOAF, an individual,<br><br>                Plaintiff,<br><br>        vs.<br><br>OAK HARBOR FREIGHT LINES, INC., a corporation, and DOES 1 through 20, Inclusive<br><br>                Defendants. | CASE NO.<br><br>**DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**<br><br>**[DIVERSITY]** |

**TO THE HONORABLE COURT, PLAINTIFF HEREIN AND HIS RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that under the provisions of 28 U.S.C. §§ 1332(a) and 28 U.S.C. 1441(b) on April 30, 2021, Defendant OAK HARBOR FREIGHT LINES, INC., a Washington corporation ("Defendant"), by and through its counsel, files this Notice of Removal to remove this action pending in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Marcus Schoaf v. Oak Harbor Freight Lines, Inc.,* Case No. 21STCV10185, commenced on March 15, 2021, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) as follows:

//

//

4836-8486-9863.1

1

Case No.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and Defendant may remove this action to this Court in accordance with 28 U.S.C. § 1441(a), because this is an action between citizens of different states and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  (28 U.S.C. §§ 1332, 1441(a), and 1446(b)).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, and 1446 because Plaintiff is a resident of Sacramento County, and the events giving rise to Plaintiff's lawsuit all occurred in Sacramento County where he worked.  (A true and correct copy of the Complaint at ¶ 1 and 2 and the Summons is attached as **Exhibit A** to the Declaration of Sumy Kim ("Kim Decl."), filed concurrently herein.)

## II.      STATUS OF THE PLEADINGS

3.      On March 15, 2021, Plaintiff MARCUS SHOAF ("Plaintiff") and his attorney of record, filed a civil action in the Superior Court of California for the County of Los Angeles, entitled *Marcus Schoaf v. Oak Harbor Freight Lines, Inc.,* Case No. 21STCV10185.

4.      On March 26, 2021, Defendant received service of the Summons and Complaint;  (*See* Kim Decl. at Exhibit A.)

5.      On April 19, 2021, Plaintiff's counsel granted Defendant an extension to file a responsive pleading to the Complaint to May 10, 2021.  (Kim Decl. at ¶ 3.)

6.      Defendant files this Notice of Removal timely as set forth in 28 U.S.C. § 1446(b)(3).

7.      Defendant has sought no similar relief with respect to this matter.

8.      Plaintiff, who alleges in his Complaint as a resident and citizen of Sacramento County in the State of California, asserts the following claims against his  prior employer for whom he worked for in Sacramento County: 1) Disability Discrimination in Violation of FEHA; 2) Discrimination Based on Perceived Disability in Violation of FEHA; 3) Failure to Provide a Reasonable Accommodation; 4) Failure to Engage in the Interactive Process in Violation of FEHA; 5) Retaliation in Violation of FEHA; 6) Wrongful Termination in Violation of Public Policy. (*See* Kim Decl. at Exhibit A.)

4836-8486-9863.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2                                          Case No.

DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)

## III.    REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

9.    This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.    Plaintiff and Defendant Are Not Citizens of the Same State, the First Basis for Diversity Jurisdiction.

10.    Diversity jurisdiction requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Diversity must exist at the time the lawsuit is filed.  It need not exist earlier, nor must it continue thereafter. *See Grupo Dataflux v. Atlas Global Group*, *L.P*., 541 U.S. 567, 571 (2004).  This "time-of-filing rule" is in place because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful." *Id.* at 1929.

11.     Plaintiff was at all times, a competent adult and a resident of the State of California and citizen of the State of California.  (Complaint at ¶ 1.)

12.    Defendant has at all times relevant to this case been a corporation, incorporated in the State of Washington, and organized under the laws of the State of Washington.  (Complaint at ¶ 2; Declaration of Jackie Knox at ¶ 2, filed concurrently herein.)

13.    Defendant's corporate headquarters and principal places of business is located at 1339 West Valley Highway N, Auburn, Washington 98001.  (*Id*.)

15.    Defendant's core executive and administrative functions are carried out from their Auburn, Washington, headquarters. This is where all of Defendant's high-level officers direct, control, and coordinate their activities.  (*Id*.)

16.    For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has defined "principal place of business" to mean "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  This "nerve

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)

center" is "typically...found at a corporation's headquarters." *Id.* at 81; *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

17.    Defendant is a citizen of the state of Washington because it is incorporated and its principal place of business is in the state of Washington for the purposes of 28 U.S.C. § 1332(c)(1).

18.    Since Defendant is a citizen of Washington, Plaintiff and Defendant are not citizens of the same state and removal based on diversity of citizenship/residency is proper.

**B.    The Amount in Controversy Exceeds \$75,000, the Second Basis for Diversity Jurisdiction.**

19.    In his Complaint, Plaintiff seeks damages specifically for:

i.    Compensatory damages, including economic and non-economic damages, and including prejudgment interest. Based on Plaintiff's payroll records, Plaintiff earned an average of \$1,950 weekly on his last six paychecks. (Declaration of Jackie Knox at ¶ 3.) Based on Plaintiff's allegation in his Complaint that he was wrongfully terminated on March 25, 2019 and continues to suffer lost wages, Plaintiff's past lost wages claim from March 25, 2019 to May 1, 2020 (57 weeks) is at least \$111,150.;

ii.    Punitive damages. Given Plaintiff's past lost wages claim of at least \$111,150, Plaintiff punitive damages claim is for at least \$333,450.;

iii.    Attorneys' fees and costs pursuant to California Government Code § 12965(b);

iv.    Any and other relief the court deems proper. (*See* Exhibit A.)

20.    Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332, this case meets the elements of diversity jurisdiction if it is a civil action between citizens of different states and the matter in controversy exceeds the sum of \$75,000, exclusive of interest and costs. Where it is unclear from the face of the complaint whether the amount in controversy exceeds \$75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21. In *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016), the plaintiff sued a used car dealer for violation of the Song-Beverly Act and other state law claims. Defendant removed based on diversity, and the plaintiff challenged the removal, arguing that the amount-in-controversy requirement was not satisfied. The Ninth Circuit disagreed and held the following:

> To establish original jurisdiction based on diversity of parties, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). We have defined the amount in controversy as the "amount at stake in the underlying litigation," [citation]; this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. [Citation]. This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.[Citation].

> In this case, when the potential cost of complying with injunctive relief is considered along with Gonzales's claims for compensatory damages and punitive damages, the district court did not err in finding that the jurisdictional amount-in-controversy requirement was satisfied.

*Gonzales*, *supra*, at 648-649.

22. Here, although the Complaint does not specifically allege the total amount of Plaintiff's claimed damages, it is apparent that the amount in controversy is well in excess of $75,000, as required for removal pursuant to 49 U.S.C. § 11706. As the *Gonzalez* court indicated, attorneys' fees awarded under fee-shifting statutes are to be considered in assessing the jurisdictional threshold. In this case, Plaintiff seeks such an award. At the time of *Gonzalez*, it was "an open question whether attorneys' fees that are anticipated but unaccrued at the time of removal or filing in federal court… may be included in the amount-in-controversy." (*Gonzalez,* at fn. 2). That open question was resolved in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), an analogous diversity case. In *Chavez*, the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and ***encompasses all relief a court may grant on that complaint if the plaintiff is victorious***." *Id*.

23. Under that standard, this Court should consider the range of fee awards that Plaintiff would receive if he were to be victorious at trial. The Court should note that the addition or consideration of attorneys' fees also allows Defendant to meet the amount in controversy requirement.

DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

It requires no great familiarity with the cost of litigation to conclude that Plaintiff will likely incur further expenses in taking this case through discovery, depositions, motions, experts, and trial. Thus, when either the exposure to civil penalties and/or the exposure to attorneys' fees are properly considered, there is simply no question that the Court has diversity jurisdiction.

24.	Based upon damages alleged and requested in the Complaint, which on its face, already includes at least $333,450 in treble damages based only on past lost wages, in addition to other damages including but not limited to, medical expenses, pain and suffering, and attorneys' fees, the preponderance of the evidence establishes the amount in controversy in connection with this Action clearly exceeds $75,000.

25.	**WHEREFORE,** Defendant respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 21STCV10185 be removed from the Superior Court of California, County of Los Angeles, to the docket of this honorable Court, the District Court of the United States, for the Eastern District of California. Defendant has filed the Notice of Removal of this action from the Los Angeles County Superior Court, in which it is now pending (Kim Decl. ¶ 4.); a copy of this Notice has been served upon Plaintiff.  (Kim Decl. ¶ 5.)

DATED: May 4, 2021	LEWIS BRISBOIS BISGAARD & SMITH LLP

By:	*/s/ Sumy Kim*
Joseph R. Lordan
Sumy Kim
Melanie D. Massey
Attorneys for Defendant OAK HARBOR FREIGHT LINES, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-8486-9863.1	6	Case No.
DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)

## CERTIFICATE OF SERVICE

Marcus Shoaf v. Oak Harbor Freight Lines, Inc.
US District Court – Eastern District of California, Case No.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 4, 2021, I served the following document(s):

**DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b) [DIVERSITY]**

I served the document on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Jura Hartley | Telephone: (323) 284-2834 |
| THE LAW OFFICES OF JURA HARTLEY | Facsimile:  (323) 284-2835 |
| 880 Apollo Street, Suite 334 | E-mail: jura@hartleylawoffices.com |
| El Segundo, CA 90425 | CC: Erika Durell |
| | erika@hartleylawoffices.com |
| | |
| | Attorneys for Plaintiff |
| | MARCUS SHOAF |

The document was served by the following means:

☒ (BY U.S. MAIL) I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 4, 2021, at San Francisco, California.

_/s/ Jennifer Marigmen_
Jennifer Marigmen

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-8486-9863.1

Case No.

DEFENDANT OAK HARBOR FREIGHT LINES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)